.Sarah Nye *v.* The Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Risk of employment.*

As track repairing or track cleaning after a snowstorm in the vicinity of moving trains is intrinsically a dangerous occupation, the fair presumption is not only that men who engage in it take the risks of their employment, but that they are competent to keep themselves out of manifest and unnecessary exposure to danger.

In an action against a railroad company to recover damages for the death of one of its employees, it appeared that the deceased was killed while engaged in cleaning the tracks of snow in order to release a train which had become snow-bound. At the point where the accident occurred there were two tracks seven feet apart, and the deceased was directed to work on track No. 1. The deceased was killed by a delayed express train on track No. 2. The uncontradicted evidence of the superintendent was that owing to the stormy character of the day extra men were employed to keep the tracks clear of the snow; that he had at least one hundred gangs scattered along the road, engaged in this work, and that it would .have been impracticable to give the engineer of the delayed express train information that would have been of any use as to the gang in which deceased was employed, because the train which it was sent to release might have moved one hundred feet or a mile in ten minutes. *Held*, (1) That there was no evidence of negligence on the part of the railroad company sufficient to submit to the jury; (2) that the deceased had taken the risk of his employment; (3) that if, owing to the weather, the danger was greater than usual the railroad company was entitled to rely on the presumption that the deceased would not unnecessarily incur the danger.

Argued June 1, 1896. Appeal, No. 3, May Term, 1896, by defendant, from judgment of C. P. Dauphin County, March Term, 1895, No. 335, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for death of plaintiff's husband. Before SIMONTON, P. J.

At the trial it appeared that plaintiff's husband, Noah Nye, was killed on February 8, 1895, while employed in a gang of workmen cleaning snow off the east bound track of defendant's railroad near Lucknow station several miles north of Harrisburg. An unusual snowstorm had occurred early that morning, in consequence of which the railroad tracks were so badly obstructed as to be almost impassable, and a number of gangs of workmen had been sent out to clean the tracks. Between Lucknow and Harrisburg there were two passenger tracks known as " No. 1 " and " No. 2," near together. No. 1 was used for running east, and No. 2 for trains running west. By 11 o'clock the snowstorm and drifts had become so severe as to make it impossible to longer operate track No. 1. At the point where the accident occurred a gravel train had been snow bound, and the gang of workmen in which the deceased was employed was engaged in shoveling it out. While they were at work Nye went upon the west bound track, and was struck and killed by the Pacific express which was about twelve hours late, owing to the snowstorm.

Defendant's points and answers thereto among others were as follows :

3. In Pennsylvania a servant or employee assumes the risk of all dangers in his employment, however they may arise, against which he may protect himself by the exercise of ordinary observation and care ; and the employer is not responsible for those injuries to which the employee subjects himself, and the verdict here must be for the defendant. *Answer :* Refused. [3]

4. In an action by the widow and children for the death of the husband and father who was injured whilst in the employ of a railroad company, there can be no recovery by the plaintiff unless the injury is shown to have been caused by the negligence of the company alone; and such negligence can never be imputed to the defendant, where it used and employed only the methods and machinery in general use in its business. The facts proved in this case will not warrant a verdict for the plaintiff. *Answer :* Refused. [4]

5. Where a servant is assigned to duty by his employer at a particular place, and voluntarily wanders away from his post of duty and is injured, there can be no recovery for such injury. As the undisputed facts here show that the deceased left his post of duty, and was injured while standing on track No. 2,

where he had no right to be, the verdict must be for the defendant. *Answer:* Refused. [5]

6. If a person or corporation be prevented by an act of God from the performance of any duty imposed by common or statute law, he or it is excused from the performance of such duty. According to the uncontroverted evidence in this case the "blizzard" which caused the accident was an act of God and the verdict must be for the defendant. *Answer:* Refused. [6]

7. The plaintiff having failed to prove any negligence of the defendant, whereby the deceased lost his life, there can be no recovery in this action. *Answer:* Refused. [7]

8. On the whole case the verdict must be for the defendant. *Answer:* Understanding the defendant's eighth point, which is that on the whole case the verdict must be for the defendant, to be equivalent to a claim that there is no evidence in the case which ought to be submitted to the jury from which they could properly find a verdict in favor of the plaintiff, we reserve that point and that question, and if a verdict be rendered for the plaintiff it will be subject to that reserved point with the right to enter judgment for the defendant non obstante veredicto, if we should conclude that that point is well taken, and an exception is noted for the defendant to the charge and the answers to the points. [8]

. Verdict for plaintiff for $5,000. The court subsequently entered judgment for $3,500, all above that amount having been remitted by the plaintiff.

*Errors assigned* among others were (3–8) above instructions, quoting them.

*L. W. Hall,* of *Hall & Jordan,* for appellant.—A servant or employee assumes the risk of all dangers in his employment, however they may arise, against which he may protect himself by the exercise of ordinary observation and care, and the employer is not responsible for those injuries to which the employee voluntarily subjects himself: Kaufhold v. Arnold, 163 Pa. 269; R. R. v. Sentmeyer, 92 Pa. 276. And where a servant wanders voluntarily away from his post of duty, prompted by curiosity or idleness, and is injured, he has no remedy: Beach on Cont. Neg. p. 361. Nye was guilty of contributory negligence

by another voluntary and illegal act, by going upon track No. 2, right in front of the moving train which struck him : Holden v. Pa. R. R., 169 Pa. 1 ; Pa. R. R. v. Beale, 73 Pa. 506.

*M. W. Jacobs,* with him *J. W. Swartz* and *I. B. Swartz,* for appellee.—A servant by entering his master's service assumes all the risk of that service which the master cannot control, including those arising from the negligence of his fellow servants. But here the assumption of risk by the servant ends.   He assumes no risk of negligence of the master or of those who stand for the master: O'Donnell v. R. R., 59 Pa. 239 ; Patterson v. R. R. Co., 76 Pa. 389 ; R. R. v. Keenan, 103 Pa. 124 ; Lewis v. Seifert, 116 Pa. 628 ; Pantzar v. Tilly Foster Mining Co., 99 N. Y. 368 ; Shearman & Redfield on Neg. 4th ed. sec. 189.

Among the positive duties which the law casts upon the master with respect to the servant is that of furnishing him with a reasonably safe place in which to work: O'Donnell v. R. R., 59 Pa. 239 ; Lee v. Woolsey, 109 Pa. 124 ; Tissue v. R. R., 112 Pa. 91 ; Lewis v. Seifert, 116 Pa. 628 ; Trainor v. R. R., 137 Pa. 148 ; Cougle v. McKee, 151 Pa. 602 ; R. R. v. Baugh, 149 U. S. 386 ; McCloskey v. Chautauqua Ice Co., 174 Pa. 34.

The degree of care required varies with the circumstances, and the greater the danger the greater is the care required : Frankford & Bristol Turnpike Co. v. Phila. & Trenton R. R., 54 Pa. 345 ; U. P. Ry. Co. v. Jarvi, 10 U. S. App. 439 ; Ry. Co. v. Ives, 144 U. S. 408 ; Pittsburg etc. Ry. v. Kane, 44 L. I. 27 ; Schum v. R. R., 107 Pa. 8 ; R. R. v. Coon, 111 Pa. 430 ; R. R. v. Peters, 116 Pa. 206 ; Gates v. R. R., 154 Pa. 566 ; R. R. v. Jones, 128 Pa. 308 ; McCloskey v. Ice Co., 174 Pa. 34 ; R. R. v. Horst, 110 Pa. 226.

It is alleged that the plaintiff was not entitled to recover because Nye was guilty of contributory negligence, and this contention is put upon the ground that having been put in a place of safety he voluntarily left it and went upon the track where he was killed.   But the facts thus assumed are neither admitted nor undisputed, and therefore the court could not declare negligence as matter of law: Davidson v. R. R., 171 Pa. 522 ; Gray v. R. R., 172 Pa. 383 ; Ely v. Rwy., 158 Pa. 236 ; Lee v. Woolsey, 109 Pa. 124 ; R. R. v. Werner, 89 Pa. 59 ;

Brown v. French, 104 Pa. 604; Sekerak v. Jutte, 153 Pa. 117; Davidson v. Rwy. Co., 171 Pa. 522; McNeal v. R. R., 131 Pa. 184.

OPINION BY MR. JUSTICE MITCHELL, October 5, 1896 :

There was considerable evidence of contributory negligence on the part of the deceased, but it is not necessary to examine critically whether it was so clear as to require the court to pass upon it as matter of law because on the whole case we fail to find any evidence of negligence on the part of defendant.

The points of negligence suggested are failure of the division superintendent to notify the engineer of the west bound train of the position of the blockaded train and the workmen engaged in freeing it, the failure of the engineer to whistle, and the speed of the train. As the last two matters, if proved, would be the action of fellow servants, the only real ground of contention is whether there was any duty of the division superintendent before allowing the belated train to leave Harrisburg to notify the engineer of the situation of affairs at Lucknow. We do not see anything on which such a duty can be predicated. As a matter of evidence the superintendent testified that owing to the stormy character of the day extra men were employed to keep the tracks clear of snow, that he had at least a hundred gangs scattered along the road, engaged in this work, and that it would have been impracticable to give the engineer of the west bound train any notice that would have been of any use, because as to this particular gang it was sent to move a train, and it might have moved a hundred feet or a mile in ten minutes. This testimony was not contradicted by any man with experience in such matters.

Passing from the particular evidence in this case to the general principles applicable to the subject, it is plain that track repairing or track clearing, in the vicinity of moving trains is intrinsically a dangerous occupation. The men who went out to clear this blockaded train knew that the very object of so doing was to keep the track open so as to allow trains to run. The uncontradicted testimony is that the next track No. 2, on which the accident occurred, was only kept open by constantly running a locomotive backwards and forwards on it at this point. The decedent's work was not on this track, but on No. 1, and

there was a clear space of seven feet between them. The 1epresentatives of the railroad company had no reason to,,suppose that he would voluntarily put himself into unnecessary danger by getting on track No. 2 or so near it as to be struck by one of its trains. It is a fair presumption not only that men take the risks of their employment, but that they are competent to keep themselves out of manifest and unnecessary exposure to danger. It is argued that the storm made the situation one of unprecedented peril to Nye and his fellows, and the court therefore could not say as matter of law that the railroad owed no unusual duty for the protection of its employees. But the situation was no more unprecedented for one than for the other, and the danger though greater in degree was no different in kind from that under ordinary circumstances, and the more manifest the danger the more the employer was entitled to rely on the presumption that the employee would not unnecessarily incur it. It has not been shown that the defendant omitted any reasonable precaution which it could have taken against this unfortunate accident, and the jury should not have been allowed to find negligence without some evidence of a definite basis on which to rest it. .

Judgment reversed.